UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV453-J

RHONDA L. GREEN                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Rhonda Green ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On October 10, 2005, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's diabetes mellitus, degenerative disc disease, bilateral shoulder strain, and obesity were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on May 7, 2009.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in conducting his evaluation of witness credibility. She points out that the ALJ's reference to the fact that she was working at the time of the decision has no bearing on her credibility with regard to her request for a closed period of disability.

Pain is a significant part of this case. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987).

It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). With respect to subjective pain and restriction, SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is

2

the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ accurately recited the legal requirement that the above listed factors be considered *in addition to* the objective medical evidence. Unfortunately, he then appeared to ignore those factors, and proceeded to focus on the objective medical evidence (see Tr. 22). This constitutes an error of law. This Court cannot speculate regarding the determinations the ALJ would make if he applied the correct legal standard and evaluated the factors set out in 20 C.F.R. § 404.1529 ( c). An additional complicating factor, making the factor analysis even more important, is that the case concerns a closed period; consequently, the opportunity of the ALJ to observe the claimant is not

3

as significant a feature as it is in some cases. Remand is necessary to permit application of the correct legal standard to the process of credibility evaluation.

An order in conformity has this day entered.